# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

HARRIETTE C. FLOYD,  )
                               )
       **Plaintiff,**     )
                               )
v.                          )       CIVIL NO. 5:03CV16-H
                               )
JO ANNE B. BARNHART,  )
**Commissioner of**     )
**Social Security,**      )
                               )
       **Defendant**.   )

## ORDER

This matter comes on for decision on the *Motion for Attorneys' Fees Pursuant to 42 U.S.C. Section 406(b)* which Plaintiff's counsel filed on September 9, 2005. The Plaintiff's Motion was captioned with two case numbers: 5:03CV16-H and 5:04CV103. The undersigned will decide the Motion as applicable under Civil Case Number 5:03CV16-H. On September 28, 2005, Defendant Commissioner of Social Security ("Commissioner") filed her *First Amended Response to Plaintiff*□*s Motion for Attorneys' Fees Pursuant to 42 U.S.C. Section 406(b)*.

Following review of those legal documents and the attached exhibits, the Court makes the following findings of fact and conclusions of law.

On August 19, 2003, as a result of a *Consent Order* filed by both parties, this Court entered a judgment in Civil Case Number 5:03CV16-H reversing the defendant's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the defendant for further administrative proceedings. On September 3, 2003, Plaintiff's attorney filed a *Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act, 5 U.S.C. Section 504*. Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") was

dismissed by this Court on September 26, 2003, because the parties had agreed to settle the EAJA claim for the sum of $3,350.00, consisting of $3,166 in attorney's fees and $182.67 in costs. As a result of a mandamus action filed by the plaintiff in Civil Case Number 5:04CV103, Plaintiff's attorney filed another *Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act, 5 U.S.C. Section 504* on March 23, 2005. Plaintiff's petition for attorney's fees pursuant to the EAJA was dismissed by this Court on April 13, 2005, because the parties had agreed to settle the EAJA claim for the sum of $1,600.00, consisting of $1,397.00 in attorney's fees and $203.00 in costs.

Upon remand of the case to the defendant, Administrative Law Judge ("ALJ") Kevin Foley issued a partially favorable decision on Plaintiff's claim for disability benefits on July 13, 2005. In August 2005, ALJ Foley authorized the payment of $4,000.00 to Plaintiff's attorney, which represents attorney's fees compensable under 42 U.S.C. section 406(a)(2). Based on the ALJ's partially favorable decision, the defendant notified the plaintiff that $11,644.05, which represents twenty-five percent (25%) of the plaintiff's past-due benefits, was withheld from her past-due benefits award in order to pay her representative. On September 9, 2005, Plaintiff's counsel filed a *Motion for Attorneys' Fees Pursuant to 42 U.S.C. Section 406(b)*, in which he prays that this Court issue an order awarding him fees in the amount of $11,644.05.

The defendant has withheld $11,644.05 from the plaintiff's past-due benefits award, which represents twenty-five percent (25%) of the plaintiff's past-due benefits, the maximum fee award that the Agency may directly certify for payment, in order to pay her representative. In August 2005, ALJ Foley authorized the payment of $4,000.00 to Plaintiff's attorney pursuant to 42 U.S.C. section 406(a)(2). This amount was paid out of the $11,644.05 withheld by the

defendant from the plaintiff's past-due benefits. Consequently, only $7,644.05 remains out of the amount withheld by the defendant from the plaintiff's past-due benefits.

In her Amended Response, the Commissioner stated that she has no objection to an award of $7,644.05 to Plaintiff's attorney pursuant to 42 U.S.C. section 406(b). While this Court may grant the petition in the full amount of $11,644.05, the defendant Commissioner is statutorily limited to withholding twenty-five percent (25%) of Plaintiff's past-due benefits for attorney's fees and would be unable to pay more than the remaining $7,644.05 balance withheld from Plaintiff's past-due benefits.

Moreover, Plaintiff's attorney was awarded an attorney's fee pursuant to EAJA. In accordance with the Supreme Court's ruling in *Gisbrecht v. Barnhart*, 535 U.S. 789, 786, as Plaintiff's attorney is being awarded $7,644.05 in fees pursuant to 42 U.S.C. section 406(b) in this case, he must surrender the fee received under EAJA to the claimant.

The Court **APPROVES** Plaintiff's Counsel's attorneys fees in a total amount of no more than $11,644.05, inclusive of the administrative fee of $4,000.00 already paid by the Commissioner under 42 U.S.C. § 406(a).

The Court therefore **ORDERS** Defendant Commissioner to pay to Plaintiff's attorney $7,644.05 that remains of the funds withheld by the Commissioner pursuant to 406(b);

and **FURTHER ORDERS** Plaintiff's attorney to return to the claimant the lesser of the fees he received in accordance with 42 U.S.C. section 406(b) and EAJA.

**SO ORDERED.**

**Signed: October 12, 2005**

Carl Horn, III
United States Magistrate Judge